UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Michael A. Jones,<br><br>Petitioner,<br><br>v.<br><br>Gabriella Najera, *et al.*,<br><br>Respondents. | Case No. 2:24-cv-00309-GMN-NJK<br><br>**Order to Show Cause** |

Michael A. Jones has filed a *pro se* 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his conviction in Eighth Judicial District Court (Clark County), Nevada, pursuant to a guilty plea, of Second-Degree Murder. (ECF No. 2.) It appears from the Petition that it was submitted outside the applicable limitations period and may be subject to dismissal as untimely. The Court will give Jones an opportunity to show cause and file such proof as he may have to demonstrate that the Petition is timely.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of Federal Habeas Corpus Petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a Petitioner's Judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A); *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (holding that § 2244's one-year limitation period applies to all Habeas Petitions filed by persons in "custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), even if the Petition challenges an administrative decision rather

1

than a state court judgment).  Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

Here, Jones sought authorization from the Ninth Circuit Court of Appeals to file a second or successive Petition. (*See* ECF Nos. 1, 2.)  The court of appeals denied the application for leave to file a second or successive Petition as unnecessary and transferred the Petition to this Court with a deemed-filed date of July 25, 2023. (ECF No. 1.)

Even with the July 2023 file date, it appears that Jones's Petition challenging his September 2006 Judgment of Conviction may be untimely by about 15 years.  Jones argues that under Nevada law he was not permitted to raise the claim of ineffective assistance of plea counsel at sentencing until the Nevada Supreme Court decision in *Gonzales v. State*, 492 P.3d 556 (Nev. 2021).  Pursuant to NRS 34.810(1)(a) a petitioner may only challenge a conviction by guilty plea on the bases that the plea was not voluntarily or knowingly entered or the plea was entered without effective assistance of counsel.  The state appellate court held in *Gonzales* that that statute does not bar a petitioner from raising a claim in state postconviction proceedings that he received ineffective assistance of counsel at sentencing. *Id*. at 562.  Jones claims that *Gonzales* offered a new legal basis for him to challenge his plea counsel's assistance at sentencing as ineffective.  But even assuming for the purpose of this Order, without deciding, that his claims were unavailable before that decision, Jones did not file this Petition until July 2023—almost two years to the day from the date the *Gonzales* decision was handed down.  Jones will be given an opportunity to show that this Petition is in fact timely or that he is entitled to equitable tolling of the one-year limitations period.  For equitable tolling, he must demonstrate "'(1) that he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

It is therefore ordered that Petitioner has **30 days** from the entry of this Order to show cause and file such proof he may have to demonstrate that the Petition for Writ of Habeas Corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling.

It is further ordered that Petitioner set forth a complete and accurate history, with dates, of any relevant state habeas proceedings presented to the state district court and the Nevada Supreme Court or Nevada Court of Appeals, including direct appeal and state habeas petitions. All assertions of fact made by Jones in response to this Show-Cause Order must be detailed, must be specific as to time and place, and must be supported by competent evidence. Jones should attach copies of all materials upon which he bases his argument that his Petition should not be dismissed as untimely.

It is further ordered that if Petitioner fails to respond to this Order or fails to demonstrate that the Petition was timely filed or that he is entitled to equitable tolling the Court will dismiss the Petition.

DATED: 3 May 2024.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE